No. ——.

First Circuit

---

POSTELL v. FERRIS

---

(April 1, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Automobiles—Par. 4.**

A person driving an automobile at night with glaring headlights should exercise the greatest care and vigilance when approaching or about to meet another vehicle.

2. **Louisiana Digest — Automobiles — Par. 4 (d).**

For an automobile to drive at the rate of speed of thirty-five miles per hour either on the left side or in the center of the road indicates lack of care and diligence.

(**Civil Code, Article 2315. Editor's note.**)

Appeal from the Parish of Ascension. Hon. Samuel A. LeBlanc, Judge.

Action by Charles E. Postell against N. Ferris.

There was judgment dismissing the suit and plaintiff has appealed.

Judgment affirmed.

Schwing & Obier, of Plaquemine, and John Martin, of Lake Charles, attorneys for plaintiff, appellant.

Jos. Nicolosi, of Plaquemine, and Howell & Wortham, of Donaldsonville, attorneys for defendant, appellee.

LECHE, J. This suit is for damages from an automobile collision. The district judge refused both demands and dismissed the suit. Plaintiff has appealed.

Postell, driving a Buick touring automobile, was on his way from White Castle to Plaquemine, and Ferris, driving a Ford, was going from Baton Rouge to Donaldsonville. They met between 11 and 12 o'clock at night two or three miles below Plaquemine, and the front wheels of the two cars interlocked. Each one claims he was on the right side of the road, which is an impossibility, for, if so, there would have been no collision.* The road was straight and the evidence is overwhelming that the headlights of the Buick were focused directly on the Ford. There

---

*Right side or left side of the road, as used, are relative terms indicating the right or left of a person or object in the road, facing the direction in which such person or object is moving.

were four persons in defendant's automobile and all of them testify that the Ford was on the extreme right of the road and that they were blinded by the headlights of the Buick. The evidence also shows that Postell was running at thirty-five (35) miles and Ferris at fifteen (15) miles per hour. After the collision the Buick was in an oblique position with the right front wheel in the ditch at the base of the levee and the right rear wheel about three or four feet from the edge of the same ditch. The Ford was extricated from under the left front fender of the Buick and shoved to the right side of the road to clear the passageway.

A Buick is about double the weight of a Ford, and its position after the collision, considering the momentum from its weight and speed, indicates that it came from the left and dragged the Ford into the ditch near the levee. This seems to support the theory of defendant that Postell was either on the left or in the center of the road, and does not sustain the claim of Postell as to his having followed a course on his right near the levee. We believe that the facts and circumstances, shown by the evidence, justify the conclusion that plaintiff was at fault and, while defendant may also have been at fault, that question is not involved in this appeal, as defendant has neither asked for an appeal nor made answer to that taken by plaintiff. A person driving an automobile at night with glaring headlights should exercise the greatest care and vigilance when approaching and about to meet other vehicles. To drive at a speed of thirty-five miles an hour, either on the left side or in the center of the road indicates lack of care and diligence.

We believe the trial judge has correctly decided the issues herein and his judgment is therefore affirmed.